UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 08-81064-MC-GOLD/McALILEY

KATHY ANN GARCIA-LAWSON,

   Appellant,

v.

NATALIE GARLAND and
EARL MALLORY,

   Appellees.
_____/

## ORDER DENYING MOTION FOR LEAVE TO APPEAL; CLOSING CASE

THIS CAUSE is before the Court upon Appellant Kathy Ann Garcia-Lawson's ("Garcia-Lawson") Rule 8003 Motion for Leave to Appeal Bankruptcy Court Orders of September 5, 2008 re: Scope of Automatic Stay and Two Related Orders (Effectively) Quashing Subpoenas [DE 1, Bankruptcy Court DE 56] ("Motion"), filed September 12, 2008. Appellees filed Opposition by Natalie Garland, Esquire ("Garland") and Earl Mallory, Esquire ("Mallory") to Debtor's Motion for Leave to Appeal [DE 2-2, Bankruptcy Court DE 59] ("Response") on September 19, 2008. I have reviewed the Motion and related pleadings, the record in this case, and relevant case law, and I deny Appellant's Motion for Leave to Appeal.

I. Factual Background and Procedural History

Kathy Ann Garcia-Lawson filed a Chapter 13 voluntary petition for bankruptcy on August 8, 2008. (Bankruptcy Court DE 1). Jeffrey Lawson ("Lawson"), Garcia-Lawson's husband, had filed a Petition for Dissolution of Marriage in Florida Circuit Court on February 1, 2005. Citing 11 U.S.C. § 362(b)(2)(A)(iv), which provides that a bankruptcy filing does not operate as an automatic stay "for the dissolution of a marriage, except to the extent that

such proceeding seeks to determine the division of property that is property of the estate," Lawson's attorneys, Earl Mallory and Natalie Garland, moved the Circuit Court on August 13, 2008 to bifurcate the Dissolution of Marriage proceeding and continue with the dissolution of marriage portion but stay the equitable distribution portion. (Bankruptcy Court DE 11, Exhibit B: Motion to Bifurcate). Also on August 13, Circuit Court Judge Richard L. Oftedal set a hearing on the Motion to Bifurcate for August 20, 2008. (Bankruptcy Court DE 11, Exhibit A: Notice of Hearing).

On August 18, 2008, Garcia-Lawson filed with the Bankruptcy Court an Emergency Motion for Order to Show Cause & Application for Temporary Restraining Order. (Bankruptcy Court DE 11). Garcia-Lawson argued that 28 U.S.C. § 362 imposed an automatic stay on the Dissolution of Marriage proceeding before the Circuit Court, and therefore attorneys Mallory and Garland and Judge Oftedal should not have filed the Motion to Bifurcate or scheduled a hearing on it without leave from the Bankruptcy Court for relief from the automatic stay. Garcia-Lawson requested that Judge Oftedal, Mallory, and Garland be ordered to show cause why they should not be held liable for contempt of court and sought sanctions against Lawson's attorneys. In the alternative to the order to show cause, Garcia-Lawson sought a temporary restraining order against the hearing on the Motion to Bifurcate. The Bankruptcy Court scheduled an evidentiary hearing on the Motion for September 2, 2008 (Bankruptcy Court DE 18), and Garcia-Lawson served on Judge Oftedal and attorneys Mallory and Garland on August 28, 2008 a Subpoena Duces Tecum to appear the hearing and to bring with them relevant evidentiary documents. On August 29, 2008, Judge Oftedal filed a Motion to Quash the Subpoena (Bankruptcy Court DE 30), and attorneys Mallory and Garland filed Motions to Quash the Subpoenas, or in the

Alternative for a Protective Order (Bankruptcy Court DE 28). Also on August 29, 2008, Lawson filed with the Bankruptcy Court a Motion for Relief from Stay (Bankruptcy Court DE 21), requesting stay relief for the sole purpose of dissolving the marriage, but not to determine division of property.

After conducting a hearing on September 2, 2008, Bankruptcy Court Judge Paul G. Hyman issued four orders. First, Judge Hyman denied Garcia-Lawson's Motions for an Order to Show Cause, Sanctions, and Temporary Restraining Order because, as a matter of law, the automatic stay imposed by 11 U.S.C. § 362 does not operate to stay civil proceedings for the dissolution of marriage, to the extent that the proceeding does not seek to determine division of property that is property of the estate. Judge Hyman reasoned that, to the extent the parties only proceeded with the dissolution of marriage, attorneys Mallory and Garland did not violate an automatic stay, as no automatic stay was in effect. Judge Hyman held that, moving forward, "To the extent that the parties only proceed with the Dissolution Action for the sole purpose of dissolving the marriage and not for the purpose of dividing property that if the property of the bankruptcy estate, without further Order of this Court, an automatic stay is not in effect and the parties to the Dissolution Action may proceed with the dissolution of the marriage." (Order on Debtor Kathy Ann Garcia-Lawson's Motion for Sanctions, Motion for Order to Show Cause and Application for Temporary Restraining Order (DE 2-2, Bankruptcy Court DE 44)).

Second, Judge Hyman denied as moot Lawson's Motion for Relief from Automatic Stay because, to the extent that Lawson sought only to proceed with the dissolution of marriage, such proceeding was not barred by 11 U.S.C. § 362. (Order Denying Motion for Relief from Automatic Stay as Moot (DE 2-2, Bankruptcy Court DE 43)). Third, Judge

Hyman denied as moot Mallory and Garland's Motion to Quash Subpeonas, or in the Alternative Motion for Protective Order because he denied Garcia-Lawson's Motions for an Order to Show Cause, Sanctions, and Temporary Restraining Order and therefore the Subpoenas issued to Mallory and Garland were no longer valid. (Order Denying as Moot Motion to Quash Subpeonas, or in the Alternative Motion for Protective Order Filed by Interested Parties Earl Mallory and Natalie Garland (DE 2-2, Bankruptcy Court DE 42)). Finally, Judge Hyman granted Circuit Court Judge Oftedal's Motion to Quash Subpoena Duces Tecum.[1] (Order Granting Motion to Quash Subpoena Duces Tecum (DE 2-2, Bankruptcy Court DE 40)).

On September 12, 2008, pursuant to Bankruptcy Court Rule 8003, Garcia-Lawson filed a Motion for Leave to Appeal the four Bankruptcy Court orders above. (DE 1). Garcia-Lawson argues that the entire Dissolution of Marriage proceeding should be stayed, notwithstanding the Bankruptcy Court's "literal (but quite abstract and purely theoretical) reading of the law regarding the automatic stay," and accordingly appeals the Bankruptcy Court orders denying Garcia-Lawson's Motion, and denying as moot Mallory and Garland's Motion to Quash Subpoenas and Lawson's Motion for Relief from Automatic Stay. Finally, Garcia-Lawson appeals the granting of Judge Oftedal's Motion to Quash Subpoena, contending the subpoena concerned only administrative matters and was thus outside the scope of judicial immunity.

II.     Standard of Review and Analysis

Interlocutory review is generally disfavored for its piecemeal effect on cases. *United*

---

[1] The Order at Bankruptcy Court DE 40 does not specify whether Judge Oftedal's Motion was granted or denied, but the Bankruptcy Court docket states Judge Oftedal's Motion was granted. The Order does not specify the reason for granting the Judge Oftedal's Motion.

*States v. MacDonald*, 435 U.S. 850, 853, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir.2000); *Colonial Bank v. Freeman, (In re Pac. Forest Prods. Corp.)*, 335 B.R. 910, 919 (S.D.Fla.2005). Nevertheless, district courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). In exercising that discretion, "a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)." *Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.)*, 187 B.R. 746, 749 (M.D.Fla.1995) (citing *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir.1985)). "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Celotex Corp.*, 187 B.R. at 749 (citing 28 U.S.C. § 1292(b)). Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements. *Id.* Appellant Garcia-Lawson submits no arguments relevant to any of the elements she must prove under 28 U.S.C. § 1292(b), but I evaluate each element below and conclude that I do not have jurisdiction over Garcia Lawson's interlocutory appeal.

    A.    <u>Controlling Question of Law</u>

An issue is characterized as a controlling question of law if it deals with a question of "pure" law, or deals with matters that can be decided quickly and cleanly without having to study the record. *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1258, 1260-62 (11th Cir.2004) (holding that because the issues presented involved application of the facts to the law, the movant could not prove a "controlling question of law") (quoting *Ahrenholz v. Bd.*

of Tr. of the Univ. of IL, 219 F.3d 674, 677 (7th Cir.2000)); see also Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1252-53 (11th Cir.2003) (granting interlocutory review of whether the district court had supplemental jurisdiction over class members who did not meet amount in controversy benchmark), aff'd, 543 U.S. 924, 125 S.Ct. 317, 160 L.Ed.2d 221 (2004). Garcia-Lawson's issue is one of pure law: whether 11 U.S.C. § 362 functions as an automatic stay on the entire proceeding for dissolution of marriage, or, whether, as Bankruptcy Judge Hyman held, 11 U.S.C. § 362 does not operate to stay civil proceedings for the dissolution of marriage, except to the extent that such proceeding seeks to divide property that is property of the estate. Therefore, Garcia-Lawson has established part one of the three-part standard.

    B.    <u>Substantial Ground for Difference</u>

To satisfy the second element, whether there is substantial ground for difference of opinion among courts, Appellant Garcia-Lawson must show that at least two courts interpret the relevant legal principle differently. In re Pac. Forest Prods., 335 B.R. at 922. If the jurisdiction where the bankruptcy order was rendered has decided the issue, a substantial difference of opinion cannot exist. Id. If there is no controlling authority, the district court may consider authority from other circuits. Id. Showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient. Id.

Garcia-Lawson has failed to meet the burden of the second element. First, Garcia-Lawson does not present any evidence of a difference of opinion among courts. Second, upon independent review, I have found no suggestion of disagreement among courts. The Supreme Court, the Eleventh Circuit, and other federal appellate courts have not addressed

the scope of 11 U.S.C. § 362(b)(2)(A)(iv)'s exception for dissolution of marriage. Bankruptcy courts have consistently interpreted the provision as written – the automatic stay on dissolution of marriage applies only to the extent that property of the estate is distributed.[2] *See In re Price*, 154 B.R. 344, 345 (Bkrtcy.N.D.Fla. 1993) ("The non-economic matters addressed in the Final Judgment in the dissolution of marriage proceeding] are not affected by the bankruptcy proceeding."); *see also In re Exum*, No. 08-10079, 2008 WL 465818, at *1 (Bkrtcy.E.D.Va. 2008) ("Mrs. Exum is aware that the automatic stay is not an impediment to obtaining or enforcing a domestic support obligation or to obtaining a divorce. The difficulty, though, is that she would like the equitable distribution hearing to also go forward."); *In re Taylor,* 216 B.R. 366, 369 (Bkrtcy.S.D.N.Y. 1998) ("[T]he noneconomic aspects of the matrimonial action, such as the marital status and the custody and visitation of children, are not subject to the Automatic Stay."); *In re Cole*, 202 B.R. 356, 360 (Bkrtcy.S.D.N.Y. 1996) ("A proceeding that affects the status of the marriage-through divorce or other dissolution-does not implicate the automatic stay... the spouse seeking equitable distribution must request relief from the automatic stay"); *In re Roberge,* 181 B.R. 854, 857 (Bkrtcy.E.D.Va. 1995) ("Section 362 does not stay all aspects of divorce case. Certain aspects of a divorce case, such as dissolution of the marriage, child custody issues, and collection of alimony, maintenance, and support from post petition earnings are not stayed."). As noted above, Appellant must satisfy all three elements of the standard for this Court to grant leave to appeal. *See Celotex Corp.*, 187 B.R. at 749 ("To appeal on this

---

[2]In fact, the one case that Garcia-Lawson cites, *In re A. Edward McGinty*, 119 B.R. 290 (M.D.Fla. 1990), applies the law as Bankruptcy Court Judge Hyman did. *McGinty* concluded that the partial automatic stay was violated because, in the dissolution of marriage proceeding, the attorney petitioned the Circuit Court to distribute property of the estate, including IRA funds, and money for additional temporary support, law school tuition, and attorneys fees. *Id.* at 292-296.

basis, Appellants carry the burden and must make a showing on all three elements to prevail."). Concluding that the second element has not been met is dispositive in my decision to deny Appellant's Motion. Nonetheless, I will discuss the third element.

C.  Advance Ultimate Termination of the Litigation

The third requirement for granting leave to appeal is met if resolution of the controlling question of law substantially reduces the amount of litigation left in the case. *McFarlin*, 381 F.3d at 1259. Logically, "the most compelling grounds for interlocutory review exist when the reversal of an appellate issue would dispose of the entire case." *In re Pac. Forest*, 335 B.R. at 924. Here, Appellant has failed to demonstrate that an appeal will advance the ultimate termination of the litigation. An appeal of this issue would have no bearing on the bankruptcy proceeding, and, if anything, would only delay the dissolution of marriage proceeding.

III. Conclusion

For these reasons, I conclude that whether 11 U.S.C. § 362 functions as an automatic stay on the entire proceeding for dissolution of marriage does not meet the criteria for an interlocutory appeal. The Bankruptcy Court Judge's orders regarding the quashing of subpoenas and relief from stay are inextricable tied to the legal question of the scope of 11 U.S.C. § 362. Hence, I conclude that these orders too are not eligible for interlocutory appeal. Because I do not have jurisdiction over the interlocutory appeal, I deny Appellant Garcia-Lawson's Motion for Leave to Appeal and do not reach the merits of the appeal.[3]

---

[3] The parties have approached and briefed Garcia-Lawson's appeal as an interlocutory appeal, and I have addressed it as such. In some cases, an order denying relief from an automatic stay is considered final. *See, e.g. Borg-Warner Accpetance Corporation v. Hall*, 685 F.2d 1306, 1309 (11th Cir.

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1. Appellant Garcia-Lawson's Appeal [DE 1] is DENIED.

2. All pending motions are DENIED AS MOOT.

3. All hearings are CANCELLED.

4. This case is CLOSED.

DONE AND ORDERED, in Chambers, in Miami, Florida, this ⧸ day of ~~November~~ December, 2008.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
Counsel of Record

---

1982) (holding that bankruptcy court order denying relief from automatic stay was final because the order disposed of the whole subject matter involved in the complaint); *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir. 1982) (holding that order granting relief from automatic stay was final inasmuch as it required immediate delivery of property). Such is not the case here.

However, if the Bankruptcy Court's order were final, and I were to reach the merits of the appeal, I would hold against Garcia-Lawson. The plain language of the statute indicates that the automatic stay on dissolution of marriage applies only to the extent that property of the estate is distributed. *See United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002) ("If the statute's meaning is plain and unambiguous, there is no need for further inquiry. The plain language is presumed to express congressional intent and will control a court's interpretation."). This is precisely the holding of Bankruptcy Judge Hyman: "To the extent that the parties only proceed with the Dissolution Action for the sole purpose of dissolving the marriage and not for the purpose of dividing property that if the property of the bankruptcy estate, without further Order of this Court, an automatic stay is not in effect and the parties to the Dissolution Action may proceed with the dissolution of the marriage." (Order on Debtor Kathy Ann Garcia-Lawson's Motion for Sanctions, Motion for Order to Show Cause and Application for Temporary Restraining Order (DE 2-2, Bankruptcy Court DE 44)). As to Garcia-Lawson's claim that, in Florida, a marriage dissolution separate from distribution of assets is impossible, I disagree. Florida courts have successfully accommodated the stay provisions of 11 U.S.C. § 362 in dissolution proceedings. *See, e.g. In re Price*, 154 B.R. 344 (Bkrtcy.N.D.Fla. 1993) (addressing state domestic relations court decision in which state court rendered judgment on dissolution of marriage proceeding, but state court deferred to bankruptcy court on economic matters and provided that judgment "shall be ineffective until such time as the Bankruptcy Court has exercised its exclusive jurisdiction over the economic matters."). Therefore, if I were to reach the merits of Garcia-Lawson's appeal, I would affirm the Bankruptcy Court's decision.